[S.F. No. 23719. May 16, 1979.]

CALIFORNIA MANUFACTURERS ASSOCIATION et al.,
Petitioners, v.
PUBLIC UTILITIES COMMISSION et al., Respondents;
PACIFIC GAS AND ELECTRIC COMPANY, Real Party in Interest.

[S.F. No. 23722. May 16, 1979.]

OWENS-CORNING FIBERGLAS CORPORATION, Petitioner, v.
PUBLïC UTILITIES COMMISSION, Respondent;
PACIFIC GAS AND ELECTRIC COMPANY, Real Party in Interest.

**COUNSEL**

Gordon E. Davis, William H. Booth, Brobeck, Phleger & Harrison, Robert D. Raven, James J. Garrett, Charles R. Farrar, James P. Bennett, Morrison & Foerster, Philip A. Stohr, Richard R. Gray and Downey, Brand, Seymour & Rohwer for Petitioners in No. 23719.

Pettit, Evers & Martin, Joseph Martin, Jr., Susan L. Paulus and John L. Boos for Petitioner in No. 23722.

Janice E. Kerr, Hector Anninos and Walter H. Kessenick, Jr., for Respondents.

Malcolm H. Furbush, Robert Ohlbach and Peter W. Hanschen for Real Party in Interest.

**OPINION**

**CLARK, J.—** ▇ In these two proceedings we review Public Utilities Commission Decision No. 87585 as modified on petition for rehearing by Decision No. 87996.[1] The decisions granted Pacific Gas and Electric Company increased revenue of $58,444,000 to offset an increase in its cost of purchasing gas. The increase in revenue is not challenged; petitioners

---

[1] In the original proceedings, Commissioner Dedrick did not participate, and Commissioner Symons filed a dissenting opinion. Commissioner Dedrick voted to modify and deny rehearings, and Commissioner Sturgeon, who had been part of the majority in the

challenge the method by which the commission allocates the increase among utility users.

In the companion opinion of *California Manufacturers Assn.* v. *Public Utilities Com., ante,* page 251, [155 Cal.Rptr. 664, 595 P.2d 98], decided today, we conclude the commission decisions must be annulled because the rate designs adopted—assertedly to further conservation goals—are supported by neither the findings nor the evidence. In the instant decisions, the commission again adopts a rate design assertedly to further the same goals. However, the findings and evidence are substantially the same as in the former two cases and fail for the same reasons.

The commission's decisions are annulled. On remand the commission shall determine an appropriate method to spread the rate increase to which the utility is entitled. Having ascertained an appropriate rate spread, the commission shall order refunds and surcharges, if appropriate, all in compliance with Public Utilities Code section 1705.

Bird, C. J., Mosk, J., Richardson, J., Manuel, J., Newman, J., and Caldecott, J.,* concurred.

original decisions, joined Commissioner Symons, in dissenting from the order denying rehearing.

*Assigned by the Chairperson of the Judicial Council.